IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>           Plaintiff,<br><br>     vs.<br><br>CALIFORNIA CORRECTIONAL<br>INSTITUTION, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:06-cv-01288 LJO DLB P<br><br>ORDER DENYING MOTION<br>TO VACATE JUDGMENT<br><br>(Doc. 7) |

      Plaintiff Willie Weaver ("plaintiff") is a state prisoner who was proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2007, this action was dismissed for plaintiff's failure to exhaust the available administrative remedies prior to filing suit. On November 13, 2007, plaintiff filed a motion seeking to vacate the judgment (Doc. 7). Plaintiff cites Federal Rule of Civil Procedure 59(e), which states that a motion to alter or amend a judgment must be filed no later than 10 days after the entry of judgment. Rule 59 governs new trials and amendment of judgments. Given that no trial was held in this action and plaintiff seeks to vacate the order dismissing the action, the court construes his motion as a request for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

      Federal Rule of Civil Procedure 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any . . . reason that justifies relief." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987);

1  Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts
2  or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-
3  Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd
4  in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  The Ninth Circuit has stated that "[c]lause
5  60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils
6  et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United
7  States, 638 F.2d 119 (9th Cir. 1981).  Accordingly, "the clause is reserved for 'extraordinary
8  circumstances.'"  Id.

9        This action was dismissed based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a),
10 which provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §
11 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
12 until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Section
13 1997e(a) requires that prisoners exhaust the available administrative remedies *prior* to filing suit.  Jones
14 v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

15       Plaintiff's motion is without merit.  Plaintiff provides no evidence demonstrating extraordinary
16 circumstances, nor evidence whatsoever demonstrating that he exhausted his administrative remedies
17 prior to filing suit.

18       Accordingly, plaintiff's motion to vacate judgment and re-open this action, filed November 13,
19 2007, is HEREBY ORDERED denied.

21 IT IS SO ORDERED.

22 **Dated:   May 6, 2008**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE